In the Matter of PEORIA CONSOLIDATED MANUFACTURERS, INC., Bankrupt.

UNITED STATES of America, Petitioning Creditor-Appellant,

v.

R. Hardin McCOY, Trustee-Appellee.

No. 13130.

United States Court of Appeals Seventh Circuit.

Jan. 31, 1961.

---

1. Hering Realty Company v. General Construction Co., 272 F.2d 371.

643

Donald H. Green, Civil Division, U. S. Dept. of Justice, Washington, D. C., Harlington Wood, Jr., U. S. Atty., Springfield, Ill., George Cochran Doub, Asst. Atty. Gen., Alan S. Rosenthal, Attorney, Dept. of Justice, Washington, D. C., for appellant.

David C. McCarthy, Peoria, Ill., for appellee.

Before HASTINGS, Chief Judge, SCHNACKENBERG, Circuit Judge, and PLATT, District Judge.

HASTINGS, Chief Judge.

This is an appeal from the order of the district court which affirmed, without opinion, the order and judgment of a referee in bankruptcy denying the United States of America a statutory fifth priority, 11 U.S.C.A. § 104, sub. a(5), in the bankruptcy proceedings of Peoria Consolidated Manufacturers, Inc. (Peoria). The facts of the case are not in dispute; this appeal raises only the question of the correct interpretation of certain statutes and legal documents.

On August 14, 1952, Peoria entered into a contract with the Department of the Army for the manufacture of one million cartridge cases, for which the Army agreed to pay $2,714,240. In order to enable it to complete this con-

tract, on January 19, 1953 Peoria borrowed $814,169 from the Reconstruction Finance Corporation (RFC) and gave its promissory note payable to RFC for the same amount. The loan was made by RFC under authority of Section 302 of the Defense Production Act of 1950, as amended, 50 U.S.C.A.Appendix, § 2092 and Exec. Order No. 10161, as amended, 15 Fed.Reg. 6105 (1954), 50 U.S.C.A. Appendix, § 2071 note. In addition, on January 19, 1953 Peoria assigned to RFC, as security for the loan, all of the moneys due it from the Army under the production contract.

On September 28, 1953, by statute, all assets of RFC arising under Section 302 of the Defense Production Act, including the instant promissory note and the security therefor, were assigned to the United States. Section 107(a) (2), (b), Reconstruction Finance Corporation Liquidation Act, 67 Stat. 273, 50 U.S.C.A. Appendix, § 2094 (note).

Peoria was adjudicated a bankrupt by the District Court for the Southern District of Illinois on December 22, 1953. By its amended claim, on March 11, 1954, the United States sought to recover from the assets of Peoria a sum of $499,333.54, plus interest and expenses, representing the unpaid balance of the 1953 loan to Peoria. The referee denied the Government's claimed fifth priority on the unpaid balance.

██ The Government contends it is entitled to a fifth priority to the assets of Peoria on two grounds: First, since the loan to Peoria was made by RFC acting solely as an agent of the Government, the debt was due and owing to the United States, thereby making inapplicable certain statutory provisions which disallow bankruptcy priorities to RFC. Second, assuming that the debt was originally due RFC, since there was a subsequent assignment of RFC assets to the United States, the statutory fifth priority applies for the reason that at the time of bankruptcy the debt was due and owing to the United States. Because of our disposition of this case,

we consider only the first contention of the Government.

Section 64 of the Bankruptcy Act of 1898, as amended, 11 U.S.C.A. § 104, provides a fifth priority for "debts owing to any person, including the United States, who by the laws of the United States [is] entitled to priority * *." The law establishing a priority for the Government on "debts due to the United States" is currently reflected by Section 3466 of the Revised Statutes, 31 U.S. C.A. § 191, which, in turn, was derived from two early federal statutes. See, Price v. United States, 1926, 269 U.S. 492, 500–501, 46 S.Ct. 180, 70 L.Ed. 373. Section 3466 provides:

"Whenever any person indebted to the United States is insolvent, or whenever the estate of any deceased debtor, in the hands of the executors or administrators, is insufficient to pay all the debts due from the deceased, the debts due to the United States shall be first satisfied; and the priority established shall extend as well to cases in which a debtor, not having sufficient property to pay all his debts, makes a voluntary assignment thereof, or in which the estate and effects of an absconding, concealed, or absent debtor are attached by process of law, as to cases in which an act of bankruptcy is committed."

We hold that loans made by RFC under the Defense Production Act of 1950 establish "debts due to the United States" within the meaning of Section 3466 and are thereby entitled to a fifth priority under Section 64 of the Bankruptcy Act

The Defense Production Act of 1950, 50 U.S.C.A.Appendix, §§ 2061–2166, was enacted to provide emergency mobilization powers, including defense lending authority, to meet a threat to the national security at the outbreak of hostilities in Korea. Section 302 of the Act, 50 U.S. C.A.Appendix, § 2092, authorized the President to make provisions for loans to private business enterprises to aid

the national defense. Section 304(a) of the Act, 50 U.S.C.A.Appendix, § 2094(a), authorized the President to use existing agencies or create now ones to carry out the lending program authorized by the Act. Pursuant to Section 304(a), the President directed RFC, among several other agencies, to administer the domestic portion of the defense loan program. Exec. Order No. 10281, 16 Fed.Reg. 8789 (1951), 50 U.S.C.A.Appendix, § 2153 note. Subsequently, the loan in the instant case was made by RFC to Peoria. The funds for such defense loans were obtained from the Treasury of the United States and did not involve the capital or assets of RFC. 1951 RFC Ann.Rep. 57, 58; 1952 RFC Ann.Rep. 41.

In such circumstances, RFC was acting as an agent of the United States in making the defense loan to Peoria. United States v. Buffalo Coal Mining Company, D.C.Alaska, 1959, 170 F.Supp. 727, 734; In re Premier Mill Corporation, D.C.W.D.N.Y.1956, 171 F.Supp. 733. Repayment, by terms of the original note, was to be made by Peoria to RFC; but RFC was acting only as payee for sums originally obtained from the Treasury of the United States. The debt created here was "due to the United States" within the provisions of Section 3466.

This result is consistent with the spirit of the RFC Act. Section 3(a) of the Reconstruction Finance Corporation Act, as amended, 15 U.S.C.A. § 603, provides that "[d]ebts due [RFC] * * shall not be entitled to the priority available to the United States" in bankruptcy proceedings under Section 3466 or Section 64 of the Bankruptcy Act. However, war lending activities of RFC were expressly excepted from this waiver of priority. The Defense Production Act of 1950 was enacted *subsequent* to establishment of the waiver of priority provisions of Section 3(a) of the RFC Act and is *not* itemized as one of the defense lending statutes excepted from the waiver of priority. However, an examination of the statute and relevant Congressional reports makes clear that Congress intended to establish a pattern whereby commercial or business loans made by RFC were not entitled to priority, but defense or emergency loans made by RFC from funds of the United States Treasury were entitled to the priorities of Section 3466. S.Rep. No. 974, 80th Cong., 2d Sess. 3, 20; H.R.Rep. No. 1836, 80th Cong., 2d Sess. 11; 94 Cong.Rec. 4108.

The order of the district court appealed from is reversed. This cause is remanded to the district court with instructions to recognize and give effect to the statutory priority afforded a debt due the United States.

Reversed and remanded.